STATE, THADDEUS P. VARNEY, RELATOR, v. HARRY C. KRAMER.

*Argued June 7, 1898—Decided November 7, 1898.*

The act of May 18th, 1894 (*Gen. Stat.*, *p.* 581), which empowers the common council or other governing body in cities having a population not less than fifty-five thousand nor more than one hundred thousand, to appoint certain municipal officers for a term of two years, held valid, following the decision in *Owens* v. *Fury*, 26 *Vroom* 1.

---

On *quo warranto* on demurrer to information.

Before Justices DIXON, LUDLOW and COLLINS

For the relator, *Henry M. Snyder, Jr.,* and *David J. Pancoast.*

For the defendant, *Edwin J. C. Bleakly.*

The opinion of the court was delivered by

Dixon, J.    By an information in the nature of *quo warranto,* filed March 16th, 1898, the relator claims that on March 11th, 1898, he was in rightful possession of the office of clerk of the city of Camden, and that on that day the defendant forcibly ejected him from said office and usurped the functions of the same.    The information alleges that in accordance with the act of May 8th, 1894 (*Gen. Stat., p.* 581), the relator was on May 11th, 1894, elected by the city council to the office of city clerk for the term of two years, and was again in May, 1896, elected to that office for the further term of two years after the expiration of his first term.

On the assumption that this act is operative, the relator's first term began (in the words of the act) at the time of his appointment, May 11th, 1894, and his second term would expire May 11th, 1898; and on March 11th, 1898, he was lawfully entitled to the office.

The plea of the defendant is based on the claim that this act is unconstitutional, and that by force of other statutes the city council had the right to elect a city clerk on March 11th, 1898, when that body elected him.    The relator's demurrer to this plea, therefore, makes the constitutionality of that act the primary question in the case.

The act applies only to cities then or thereafter having a population not less than fifty-five thousand and not more than one hundred thousand, and in such cities empowers the city council to appoint certain municipal officers, among them a city clerk, for the term of two years.

The defendant insists that this act is special and therefore unconstitutional, because it applies to only three cities in the state—Trenton, with a population of fifty-seven thousand

four hundred and fifty-eight; Camden, with a population of fifty-eight thousand three hundred and thirteen, and Paterson, with a population of seventy-eight thousand three hundred and forty-seven; the city nearest in size to these, Hoboken, having a population of only forty-three thousand six hundred and forty-eight.

The statute upheld in *Owens* v. *Fury,* 26 *Vroom* 1, seems too close a parallel with that now under consideration to permit of this court's yielding to the defendant's contention. There the defendant claimed the office of clerk of the city of Trenton under a statute (*Pamph. L.* 1892, *p.* 215) which authorized the mayor, in cities then or thereafter having a population not less than fifty thousand nor more than one hundred thousand, to appoint certain municipal officers, among them a city clerk, for the term of three years. This court adjudged his claim to be valid.

If the act of 1892 was general for the purpose for which it was then supported, we cannot see how the act of 1894 can be special for the purpose for which it is now invoked.

It is urged, however, that Owens *v.* Fury has been overruled by the decisions of the Court of Errors in *Wanser* v. *Hoos,* 31 *Vroom* 482, and of this court in *Canfield* v. *Davies,* 32 *Id.* 26. In Wanser *v.* Hoos the act condemned was held not to relate to either the structure or the machinery or the powers of municipal government, and therefore the decision is not applicable to the statutes involved in Owens *v.* Fury and in the pending case, which clearly deal only with the local machinery. Moreover, the learned justice who delivered the opinion of the court in Wanser *v.* Hoos refers to the case of Owens *v.* Fury, as distinguishable from the matter then in hand, and apparently with approval. 31 *Id.* 534. Canfield *v.* Davies seems to have turned on the illusory character of the attempted classification which included only two of the two hundred and forty-eight townships in the state, and never could include any others, being by its terms limited to such townships as had a population of ten thousand or over accord-

ing to the then last census. There is a marked distinction between such a classification and the present one. The class created by the act of 1894 is open for the reception of cities whose growth brings them within its limits, and its boundaries were laid so wide and the difference between its members and the cities outside of it was so great as not to suggest an evasive design on the part of the legislature. We think a statute of this character was not within the scope of the decision in Canfield v. Davies.

Without considering the much-vexed constitutional principle, we conclude, on the authority of Owens v. Fury, that the act of 1894 is valid, and therefore that the state is entitled to judgment on the demurrer.